| | | |
|---|---|---|
| **CHOICE FOUNDATION** | * | **NO. 2024-C-0380** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LAW INDUSTRIES, LLC, ET AL.** | * | **FOURTH CIRCUIT** |
| | * | |
| | * | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04985, DIVISION "J"
Honorable D. Nicole Sheppard, Judge
**\* \* \* \* \* \***
**Judge Tiffany Gautier Chase**
**\* \* \* \* \* \***

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Steven F. Griffith, Jr.
Benjamin W. Janke
Camalla K. Guyton
Alexandra B. Rychlak
William Wildman III
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170

      COUNSEL FOR RELATOR

Kerry J. Miller
Rebekka C. Veith
C. Hogan Pascal
Paul C. Thibodeaux
Danielle C. Teutonico
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

      COUNSEL FOR RESPONDENTS

**WRIT GRANTED;**
**JUDGMENT REVERSED;**
**STAY DENIED;**
**REMANDED WITH INSTRUCTIONS**
**JULY 17, 2024**

Relator/Defendant, Jacobs Project Manager Co./CSRS Consortium (hereinafter "Relator") seeks review of the trial court's July 2, 2024 judgment granting the motion to strike filed by Respondents/Plaintiffs, Choice Foundation and Orleans Parish School Board (hereinafter "Respondents"). After consideration of the writ application and applicable law, we grant the writ and reverse the trial court's judgment. Relator's request for a stay of the proceedings is denied and the matter is remanded to the trial court for further proceedings consistent with this opinion.

## Relevant Facts and Procedural History

This application for supervisory writs arises from damages relating to an asbestos remediation and construction project. Trial in this matter was originally set for May 6, 2024. In accordance with the pre-trial scheduling order, the deadline to file motions for summary judgment was February 19, 2024. On the morning of the original trial date, the trial was reset to July 22, 2024. On May 15, 2024, Relator filed a motion for summary judgment maintaining our Supreme Court's recent decision in *Bonilla v. Verges Rome Architects*, 2023-00928 (La. 3/22/24), 382 So.3d 62 is dispositive to the issue of liability. Respondent moved to strike

1

Relator's motion for summary judgment arguing the motion was untimely because it violated the filing delays in the trial court's scheduling order. The trial court granted the motion to strike finding Relator's motion for summary judgment untimely. This application for supervisory writs followed.

## Standard of Review

The trial court's grant or denial of a motion to strike is reviewed under the abuse of discretion standard of review. *Tran v. Collins*, 2020-0246, p. 5 (La.App. 4 Cir. 8/20/21), 326 So.3d 1274, 1279 (citation omitted). "[T]he abuse of discretion standard of review is highly deferential to the trial court unless the court exercised its discretion upon an erroneous view of the law or clearly erroneous view of the facts." *Id*. (citation omitted).

## Discussion

Relator contends the trial court erred in granting Respondents' motion to strike therefore refusing to hear its motion for summary judgment. Specifically, Relator maintains its motion for summary judgment was timely filed under the requirements in La. C.C.P. art. 966. Conversely, Respondents assert the motion for summary judgment was untimely because it violated the parties' prior scheduling order set in accordance with the May 6, 2024 trial date. We find Respondents argument unpersuasive.

The governing codal provisions for the filing and opposing of motions for summary judgment are found in subparagraphs (B)(1)-(B)(3) of La. C.C.P. art. 966. *Reed v. Restorative Home Health Care, LLC*, 2019-01974, p. 1 (La. 2/26/20), 289 So.3d 1028 (citation omitted). Although a trial court and parties may enter scheduling orders to establish different deadlines, an order "may not shorten the period of time allowed for a party to file or oppose a motion for summary

2

judgment… ." *Id*. (quoting La. C.C.P. art. 966 Official Revision Comments 2015.). Our Supreme Court has instructed that when a continuance is granted, the filing deadlines are reset. *See Reed,* 2019-01974, p. 1, 289 So.3d at 1028. Although the trial court reset the trial date to July 22, 2024, the record does not indicate whether the filing delays were maintained or reset. Respondents timely filed their motion for summary judgment in accordance with La. C.C.P. art. 966(B)(1) on May 15, 2024 – more than sixty-five days before the new trial date.[1] Thus, the trial court erred in granting Respondents motion to strike finding Relator's motion for summary judgment untimely. Accordingly, we reverse the trial court's judgment and remand the matter for the trial court to consider Relator's motion for summary judgment.

## Decree

Based on the foregoing, the trial court's July 2, 2024 judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**WRIT GRANTED;**
**JUDGMENT REVERSED;**
**STAY DENIED;**
**REMANDED WITH INSTRUCTIONS**

---

[1] La. C.C.P. art. 966(B)(1) provides,

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> > (1) Except for any document provided for under Subsubparagraph (A)(4)(b) of this Article, a motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313(A)(4) not less than sixty-five days prior to the trial.